UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mr. Laquan Demetrius Collier,   #260292,<br><br>  Plaintiff,<br><br>vs.<br><br>Cpt. Tanch;<br>Lt. Harouff;<br>Lt. Laslay,<br><br>  Defendants. | ) C/A No. 3:11-590-CMC-JRM<br>)<br>)<br>)<br>) **Report and Recommendation**<br>)<br>)<br>)<br>)<br>)<br>) |

The Plaintiff, Mr. Laquan Demetrius Collier (Plaintiff), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983.[1]  Plaintiff is an inmate at Perry Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915.  The Complaint names SCDC employees as Defendants.[2]  Having reviewed the Complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d), DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke*, 490 U.S. 319.

## Background

Plaintiff claims that Defendant "Lt. Harouff has been sex playing me by mak[ing] gay jokes." ECF No. 1, page 3. Plaintiff filed a grievance about Defendant Harouff's behavior. *Id.* "When Lt. Harouff got word about the paper work he started to do it more like [rubbing his] butt on [Plaintiff's] cell door." *Id.* at 3-4. After filing a second grievance and a request to the Warden, Plaintiff was moved to another dorm for three weeks. *Id.* at 4. However, Defendant "Cpt. Tanch came around [Plaintiff's] cell [acting] like a lady looking up at [Plaintiff] then Lt. Laslay came over to B-dorm doing the same [thing]." *Id.* Plaintiff was subsequently transferred back to "D-dorm" where the alleged harassment originated. *Id.* On February 24, 2011, Defendant Laslay again visited

Plaintiff's cell, blowing kisses and acting "like a girl." *Id.* Plaintiff seeks transfer to a prison far from Perry Correctional Institution and closer to his family. *Id.* at 7.

Discussion

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In the present action, Plaintiff claims Defendants Tanch, Harouff, and Laslay have taunted him by making "gay jokes," looking at him "like a lady," blowing kisses, and rubbing their buttocks against Plaintiff's cell door. In essence, Plaintiff claims that he has been subjected to verbal sexual abuse or harassment by the Defendants. However, verbal abuse of an inmate, although clearly unprofessional and inappropriate, does not rise to the level of a constitutional violation. *See Carter v. Morris*, 164 F.3d 215, 219 n. 3 (4th Cir. 1999); *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992), (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)). While a threat of harm, combined with action designed to carry out the threat may state an Eighth Amendment claim, *Hudspeth v. Figgins*, 584 F.2d 1345, 1348 (4th Cir. 1978), verbal abuse of an inmate by guards, without more, states no claim. *Morrison v. Martin*, 755 F. Supp. 683, 687 (E.D.N.C.), *aff'd*

3

*Morrison v. Martin*, 917 F.2d 1302 (4th Cir. 1990). In the instant action, Plaintiff alleges that the Defendants have told inappropriate jokes and made inappropriate gestures near Plaintiff's cell. However, Plaintiff does not allege that the Defendants touched or had any physical contact with him. While the Defendants' conduct, if true, is reprehensible, Plaintiff fails to provide sufficient facts to show that the Defendants' actions rise to the level of a constitutional violation. *See Austin v. Terhune*, 367 F.3d 1167, 1171-72 (9th Cir. 2004)(holding that the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment); *Adkins v. Rodriguez*, 59 F.3d 1034 (10th Cir. 1995)(verbal sexual harassment by jailer, while outrageous, does not amount to a violation of the inmate's Eighth Amendment rights). *See also Allen v. Wine*, No. 07-2945, 2008 WL 4691779 at **5 (7th Cir. Oct. 8, 2008)(finding "sexual harassment consisting of words and gestures, rather than any physical abuse" insufficient to state a cognizable Eighth Amendment claim).

Further, it is noted that Plaintiff is not entitled to the relief he seeks. Plaintiff desires a transfer to an institution "far away from Perry," and closer to home. However, there is no constitutional right for a state or federal prisoner to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238 (1983)*; Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994). Further, federal courts are required to accord great consideration to a correctional system's need to maintain order, discipline, and control. *See Sandin v. Conner,* 515 U.S. 472, 482 (1995)("federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment"), citing *Wolff v. McDonnell*, 418 U.S. 539, 561-63 (1974). Thus, the placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and are not subject to review *unless* state or federal law places

limitations on official discretion.  *Hayes v. Thompson*, 726 F.2d 1015, 1016-1017 (4th Cir. 1984)(collecting cases).  However, cases previously decided in this judicial district make it clear that South Carolina law confers no protected liberty interest upon inmates of the South Carolina Department of Corrections (SCDC) from being classified, or being placed in administrative segregation, in a particular prison, or in a particular section of a prison.  *See*, *e.g.*, *Keeler v. Pea*, 782 F. Supp. 42, 43-44, (D.S.C. 1992), (citing *Meachum v. Fano*, 427 U.S. 215 (1976)).  *See also Vice v. Harvey*, 458 F. Supp. 1031, 1034 (D.S.C. 1978); *Brown v. Evatt*,  470 S.E.2d 848 (S.C. 1996)(South Carolina Supreme Court held that neither state statutes creating/defining SCDC's powers nor SCDC's operational classification regulations created a liberty interest in security or custody classifications).

Although the Plaintiff in this case is clearly unhappy with his current correctional facility and dorm assignment, Plaintiff's institutional placement does not amount to a constitutional violation. *See Cooper v. Riddle*, 540 F.2d 731, 732 (4th Cir. 1976)(federal courts are not "to assume the role of super wardens of state penal institutions").  As Plaintiff has failed to demonstrate that the Defendants have violated his constitutional rights, the case is subject to summary dismissal.

Recommendation

Accordingly, it is recommended  that the Complaint in the above-captioned case be dismissed without prejudice and without issuance of service of process.

Joseph R. McCrorey<br>United States Magistrate Judge

April 18, 2011<br>
Columbia, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).