IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Laquan Demetrius Collier,  #260292, ) | C/A NO.  3:11-590-CMC-JRM |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Cpt. Tanch; Lt. Harouff; Lt Laslay, ) | |
| ) | |
| Defendants. ) | |
| _____  ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation ("Report").  On April 18, 2011, the Magistrate Judge issued a Report recommending that the complaint be dismissed without prejudice and without issuance and service of process.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  Plaintiff filed objections to the Report on May 2, 2011.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by

1

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court declines to adopt the Report in part and returns the Complaint to the Magistrate Judge for further proceedings.

Plaintiff's objections recount the facts asserted in the complaint, together with his continued request for a transfer to a different institution. However, these objections fail to overcome certain deficiencies inherent in the complaint. Notwithstanding these deficiencies, the court finds that the Complaint, liberally construed, has stated a possible First Amendment violation.

Plaintiff does not indicate which provision of the Constitution he contends Defendants have violated. Because Defendants' alleged conduct contains no element of actual assault or exposure, Plaintiff has not stated a claim under either the Fourth[1] or Eighth[2] Amendment.

---

[1] Some circuit courts, including the Fourth Circuit, have held that the Fourth Amendment encompasses a very narrow right to bodily privacy in prison. *Lee v. Downs*, 641 F.2d 1117, 1119-21 (4th Cir. 1981) ("Most people . . . have a special sense of privacy in their genitals, and involuntary exposure of them in the presence of people of the other sex may be especially demeaning and humiliating."); *see also Boxer X v. Harris*, 437 F .3d 1107, 1110-11 (11th Cir. 2006) (concerning voyeurism); *Hill v. McKinley*, 311 F.3d 899, 903-04 (8th Cir. 2002) (concerning unnecessary forcible display of genitals and buttocks); *Oliver v. Scott*, 276 F.3d 736, 745 & n.13 (5th Cir. 2002) (collecting similar cases).

[2] "In order to make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993) (quotation omitted). The Supreme Court has explained that the first prong is an objective one-the prisoner must show that "the deprivation of [a] basic human need was objectively 'sufficiently serious' "-and the second pong is subjective-the prisoner must show that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind.'" *Id.* (second alteration in original) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement. *See Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992).

Moreover, Plaintiff has no protected constitutional interest to be housed in a particular institution, at particular custody level, or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238 (1983). In other words, the placement and assignment of inmates into particular institutions or units by state corrections departments are discretionary functions, and are not subject to review unless state or federal law places limitations on official discretion. *Hayes v. Thompson*, 726 F.2d 1015, 1016-17 & n.1 (4th Cir. 1984) (collecting cases).

However, a liberal reading of Plaintiff's complaint and objections produces some sense that he may or may not have been transferred between various dorms at Perry Correctional facility due, in part, to having filed at least one grievance related to Defendants' alleged sexual harassment and threats by Defendants regarding forced participation in sexual activities. *See* Compl. at 3, 4 (Dkt. #1, filed Mar. 18, 2011). Such allegations may state a viable claim under the First Amendment. Although the Fourth Circuit has not issued a published opinion on the question of whether the filing of a grievance by a prisoner implicates the First Amendment,[3] other circuits have held that prison officials may not retaliate against a prisoner for filing grievances. *See e.g.*, *Hill v. Lapin*, 630 F.3d 468, 472 (6th Cir. 2010) (recognizing a prisoner's "undisputed First Amendment right to file grievances against prison officials on his own behalf"); *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010) (recognizing filing of grievance as a protected First Amendment right); *Haynes v. Stephenson*, 588 F.3d 1152, 1155-56 (8th Cir. 2009) ("The filing of a prison grievance, like the filing of an inmate lawsuit, is protected First Amendment activity."); *Bibbs v. Early*, 541 F.3d 267, 272

---

[3]In an unpublished opinion, the Fourth Circuit has recognized that a prisoner's claim of transfer in retaliation for filing numerous grievances implicated the First Amendment rights of free speech and to seek redress of grievances. *Gullet v. Wilt*, 869 F.2d 593, 1989 WL 14614, at *2 (4th Cir. 1989).

3

(5th Cir. 2008) (holding plaintiff stated a cognizable claim where prison officials allegedly subjected him to sub-freezing temperatures for four consecutive nights in retaliation for filing grievances); *Boxer X v. Harris*, 437 F.3d 1107, 1112 (11th Cir. 2006) ("First Amendment rights to free speech and to petition the government for a redress of grievances are violated when a prisoner is punished for filing a grievance concerning the conditions of his imprisonment."); *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005) (holding plaintiff stated a claim where he alleged prison officials destroyed property, threatened transfer, and assaulted him in retaliation for filing grievance and lawsuit); *Gill v. Pdilypchak*, 389 F.3d 379, 3 84 (2d Cir. 2004) (holding plaintiff stated a claim where prison officials allegedly issued false misbehavior reports and sentenced him to three weeks in keeplock in retaliation for using grievance system).

Therefore, the court declines to adopt the Report's recommendation that this matter be dismissed, and returns it to the Magistrate Judge for further pretrial proceedings consistent with this Order, including an Order for issuance of service of process.[4]

**IT IS SO ORDERED.**

                                                                            s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 17, 2011

---

[4] The court also notes that it appears that Plaintiff may not have exhausted his administrative remedies prior to filing suit. However, in *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674 (4th Cir. 2005), the Fourth Circuit held that an inmate's failure to allege exhaustion does not constitute failure to state a claim and that failure to exhaust is an affirmative defense that should be pleaded or otherwise properly raised by the defendant.

4